UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AHURA ENERGY, INC. | ) Case No.: 12-CV-4865-LHK |
| Plaintiff, | ) |
| | ) ORDER RE: PLAINTIFF'S MOTION TO |
| v. | ) VACATE VOID ORDER; ORDER TO |
| | ) SHOW CAUSE |
| APPLIED MATERIALS, INC.; JOSEPH J. | ) |
| SWEENEY; MIKE SPLINTER; PHILIP G. | ) |
| ALDEN; and DOES 1-100 | ) |
| | ) |
| Defendants. | ) |

On September 17, 2012, Plaintiff Ahura Energy, Inc. ("the Plaintiff") filed a complaint against Defendants Applied Materials, Inc., Joseph J. Sweeny, Phillip G. Alden, and Mike Splinter ("Defendants"). ECF No. 1. Plaintiff is represented by its chief executive officer, Fareed Sephery-Fard. Mr. Sephery-Fard is not a lawyer. The gravamen of the Complaint is that Applied Materials, Inc., its Chief Executive Officer, General Counsel, and Director of Licensing deprived Plaintiff of its constitutional rights and violated a nondisclosure agreement ("NDA") between Applied Materials and another corporation, Zoom Diversified, Inc., which also appears to be owned by Mr. Sephery-Fard, by submitting prior art citations to the United States Patent and Trademark Office ("PTO").

Because Plaintiff is a corporation, and therefore must be represented by counsel, on October 10, 2012, the Court ordered Plaintiff to obtain counsel. *See* ECF No. 15 ("October 10

1

Order"); *See* Civ. L.R. 3-9(b) ("A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court."). The Court advised Plaintiff that if Plaintiff did not retain counsel, the Court would issue an Order to Show Cause why this action should not be dismissed with prejudice for failure to prosecute. *Id.*

**Motion to Vacate**

Notwithstanding the Court's October 10 Order, Plaintiff did not obtain counsel. Instead, Mr. Sephery-Fard, purporting to act on behalf of Plaintiff, filed a motion seeking to vacate the Court's October 10 Order. *See* ECF No. 16 ("Motion to Vacate"). In the Motion to Vacate, Plaintiff argues that the prior order should be vacated because: (1) the October 10 Order was "issued without the honoroable judge's assertion and confirmation of non[-]existence of a conflict of interest" (*id.* at 7); and (2) there are cases in which a non-attorney may represent a fictitious entity (*id.* at 14). The Court is not persuaded that the October 10 Order should be vacated.

Plaintiff's Motion to Vacate is effectively a motion for reconsideration. Local Rule 7-9(a) provides that, "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Here, Plaintiff did not seek leave of Court before filing the Motion to Vacate. The Motion to Vacate is properly denied for this reason alone.

Moreover, Plaintiff has not satisfied any of the requirements for obtaining leave to file a motion for reconsideration as set forth in Civil Local Rule 7-9(a). In order to obtain leave of Court to file a motion for reconsideration, the moving party must specifically show: (1) "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought [and]… that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order"; (2) "[t]he emergence of new material facts or a change of law occurring after the time of such order"; or (3) "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Here, Plaintiff failed to make such a showing and thus failed to satisfy any of the requirements for obtaining leave to file a motion for reconsideration. Accordingly, Plaintiff is not entitled to leave to file a motion for reconsideration.

Second, with respect to the merits of Plaintiff's Motion to Vacate, Plaintiff has not shown that the undersigned Judge had a "conflict of interest." Motion to Vacate at 7. Plaintiff's allegations regarding the undersigned's purported conflict of interest are somewhat difficult to decipher. Nevertheless, it appears that Plaintiff is alleging that "[a]ny judge" may have a conflict of interest because "BlackRock manages some judges retirement funds" and owns Applied Materials' stock. *Id.* at 7, 12.[1] Plaintiff requests a hearing to determine whether the undersigned has a conflict of interest. *Id.* The Court is not persuaded. No hearing is required to resolve the conflict of interest issue. Even assuming *arguendo* that some of the undersigned's retirement funds are managed by BlackRock and that BlackRock owns Applied Materials' stock, this would not be sufficient to create a conflict of interest. *See* 28 U.S.C.A. § 455(d)(4) ("Ownership in a mutual or common investment fund that holds securities is not a 'financial interest' in such securities unless the judge participates in the management of the fund"). Accordingly, the Court concludes that there is no conflict of interest.

Third, Plaintiff has failed to present any authority supporting Plaintiff's argument that Mr. Sephery-Fard should be permitted to appear on Plaintiff's behalf in this matter. Plaintiff cites a number of cases in support of its argument that a non-attorney may be permitted to appear on behalf of a business entity. *See* Motion to Vacate at 14-18. However, none of Plaintiff's cases hold that a non-attorney may appear on behalf of a corporation in federal court. Indeed, most of the cases do not even address the issue of whether a *corporation* may be represented by a non-attorney. *See e.g. Fanning, Phillips, Molnar v. W.*, 160 F.3d 717, 721 (Fed. Cir. 1998) (noting that, "under certain conditions" an unsupervised non-lawyer may appear on behalf of a veteran seeking benefits in "[t]he Court of Veterans Appeals."); *Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) ("It is thus a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child.").[2]

---

[1] In alleging that the undersigned may have a conflict of interest, Plaintiff also alleges that Defendants may derive some of their funds "from drug money laundering, PONZI scheme and other illegal activities…." *Id.* at 7 (internal citations omitted). These allegations do not persuade the Court that a conflict of interest exists or that the October 10 Order should be vacated.

[2] The Court notes that in one case cited by Plaintiff, *Dude v. Lesperance*, the Wisconsin Court of Appeal recognized that a Wisconsin statute, Wisconsin Statutes Section 799.06(2), allows "a non-lawyer who is a full-time authorized employee of a corporation to represent that corporation in an

3

Case No.: 12-CV-4865-LHK
ORDER RE: PLAINTIFF'S MOTION TO VACATE VOID ORDER; ORDER TO SHOW CAUSE

1   Moreover, Plaintiff fails to cite a single case from a court within the Ninth Circuit. In light of these

2   deficiencies, the Court finds that Plaintiff's cases do not provide support for Plaintiff's argument

3   that the Court should vacate its prior order requiring Plaintiff to obtain an attorney.

4   Plaintiff also argues that, if the Court determines that Plaintiff cannot be represented by Mr.

5   Sephery-Fard, the Court should either: (1) permit Mr. Sephery-Fard to "enjoin[] in the law suit," or

6   (2) "transfer [Plaintiff's] assets to" Mr. Sephery-Fard. As to the first point, Mr. Sephery-Fard

7   should not be permitted to intervene where, as here, Mr. Sephery-Fard's request to intervene is

8   "nothing more than an end run around" the requirement that Plaintiff be represented by an attorney.

9   *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see id.* (holding

10  that allowing individual, who was corporation's President and sole shareholder to intervene

11  pursuant to Federal Rule of Civil Procedure 24 where President had failed to obtain counsel for the

12  corporation in response to the district court's order that he do so would "eviscerate" the

13  requirement that corporation's be represented by counsel). As to Plaintiff's argument that the

14  Court should transfer Plaintiff's assets to Mr. Sephery-Fard, Plaintiff fails to identify any authority

15  which would permit the Court to transfer Plaintiff's assets to Mr. Sephery-Fard or permit Mr.

16  Sephery-Fard to litigate claims arising out of a non-disclosure agreement to which Mr. Sephery-

17  Fard himself was not a party. Mr. Sephery-Fard signed the agreement as the CEO of Ahura, so

18  Ahura, not Mr. Sephery-Fard as an individual, is party to the agreement. Accordingly, Plaintiff's

19  arguments are rejected.[3]

20  For the reasons set forth above, the Court DENIES Plaintiff's Motion to Vacate.

21  **Order to Show Cause**

22  As set forth above, Plaintiff has failed to retain counsel as required by the Court's October

---

appeal of a *small claims action*." *Id.*, 01-2262, 2002 WL 181276, at *2 (Wis. Ct. App. Feb. 5, 2002). This case is inapposite as the Wisconsin statute which the Court referred to has no application in this Court and was limited to small claims actions. This is not a small claims action. Furthermore, the Court notes that the *Dude* Court recognized that, as a general rule "[o]nly a lawyer can sign and file a notice of appeal on behalf of a corporation," and that, absent such signature, "the court of appeals is without jurisdiction." *Id.*

[3] Plaintiff makes a number of other arguments and allegations in the Motion to Vacate. For example, Plaintiff argues that Defendants' disclosure statement and certifications of interested entities or persons are false and fraudulent. Motion to Vacate at 18. Having reviewed these arguments, the Court concludes that they do not change the Court's opinion that Plaintiff should be required to retain counsel. Accordingly, these arguments are also rejected.

4
Case No.: 12-CV-4865-LHK
ORDER RE: PLAINTIFF'S MOTION TO VACATE VOID ORDER; ORDER TO SHOW CAUSE

10 Order.  Additionally, while Plaintiff, through Mr. Sephery-Fard, filed a Motion to Vacate the Court's October 10 Order, Plaintiff has failed to file an opposition to Defendants' motion to dismiss.  In light of these failures, the Court hereby orders Plaintiff to show cause why this case should not be dismissed with prejudice for failure to prosecute.  Plaintiff has until February 28, 2013 to file a response to this Order to Show Cause.  This Order does not permit Plaintiff to file a late opposition to Defendants' motion to dismiss.  Plaintiff is also advised that, in Plaintiff's response, Plaintiff should not reassert the arguments rejected in the instant Order.  Plaintiff is further advised that this Order should not be construed as permission to file another motion for reconsideration of the Court's October 10 Order or any other Order.  A hearing on this Order to Show Cause is set for **March 6, 2013 at 2:00 P.M.**  Plaintiff's failure to respond to this Order and to appear, represented by counsel, at the March 6, 2013 hearing will result in dismissal of Plaintiff's case with prejudice for failure to prosecute.  The February 28, 2013 hearing on Defendants' pending motion to dismiss (ECF No. 13) is hereby VACATED.

**IT IS SO ORDERED.**

Dated: February 15, 2013

_____
LUCY H. KOH
United States District Judge